## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JAMES ROFF,

      Plaintiff,

v.                                      Case No.

NATIONSTAR MORTGAGE LLC, a Delaware
limited liability company, d/b/a MR. COOPER,

      Defendant.
_____/

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JAMES ROFF, by and through the undersigned counsel, and hereby sues the Defendant, NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, d/b/a MR. COOPER, for damages and injunctive relief, and alleges the following in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and under 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Mr. Roff.

3. Venue is proper here because the acts and transactions occurred here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, James Roff (hereinafter referred to as "Plaintiff" or "Mr. Roff"), is a natural person.

5. Mr. Roff resides in the Lee County, Florida.

6. Mr. Roff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Mr. Roff is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

8. Defendant, Nationstar Mortgage LLC (hereinafter referred to as "Defendant" or "Nationstar"), operates its business under the fictious name "Mr. Cooper", and is a Delaware limited liability company.

9. Nationstar maintains its principal place of business at 8950 Cypress Waters Boulevard, Dallas, Texas 75019.

10. Nationstar is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. More specifically, Nationstar:

    a. is principally engaged in the business of collecting debts;

    b. regularly collects debts owed or due or asserted to be owed or due to another; and

    c. uses the United States postal service and telephones in connection with its debt collection business.

12. Nationstar is a "person" within the meaning of Fla. Stat. § 559.72.

13. Upon information and belief, Nationstar has significant and substantial contacts with the State of Florida.

14. The Nationstar website specifically identifies its Florida Consumer Collection Agency License.  See **Exhibit "A"** attached hereto; *see also* https://www.mrcooper.com/legal.

15. Nationstar consistently refers to itself as a "debt collector" in its correspondence to Mr. Roff and other consumers from whom it collects debts.

## FACTUAL ALLEGATIONS

16. On or about August 16, 2005, Mr. Roff incurred a debt to Countrywide Home Loans, Inc. (hereinafter referred to as "Countrywide") in connection with the purchase of residential homestead property located at 5937 Untermeyer Court, Fort Myers, FL 33903 (hereinafter referred to as the "Subject Property").

17. Mr. Roff purchased the Subject Property to reside therein with his family.

18. Accordingly, the Debt incurred to Countrywide is a consumer debt within the definition provided by the FDCPA and FCCPA.

19. Subsequently, the Debt was assigned to a securitized trust, for which HSBC Bank USA, NA (hereinafter referred to as "HSBC") was trustee.

20. Thereafter, Mr. Roff fell behind on payments on the Debt.

21. Eventually, HSBC retained Nationstar as servicer to collect the Debt from Mr. Roff.

22. On February 16, 2017, HSBC filed a complaint to foreclose the mortgage on the Subject Property. *See* **Exhibit "B"** attached hereto.

23. Nationstar signed the verification of the foreclosure complaint as servicer for HSBC. *See* Exhibit "B".

24. The foreclosure complaint specifically sought a deficiency judgment if the proceeds of the foreclosure sale were insufficient to pay HSBC's claim. *See* Exhibit "B".

25. On July 31, 2017, Mr. Roff sought protection from his creditors by filing a voluntary Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Middle District of Florida, case no. 9:17-bk-06705-FMD. *See* **Exhibit "C"** attached hereto.

26. In the Schedule A/B filed with his bankruptcy petition, Mr. Roff listed his ownership interest in the Subject Property as "Homestead". *See* **Exhibit "D"** attached hereto.

27. In the Schedule D filed with his bankruptcy petition, Mr. Roff listed a secured debt owed to Nationstar in the amount of $167,008.00. *See* **Exhibit "E"** attached hereto.

28. Nationstar was duly notified of Mr. Roff's bankruptcy filing, as it was listed on the bankruptcy creditor matrix filed with the petition and schedules. *See* **Exhibit "F"** attached hereto.

29. Further, an attorney entered an appearance on behalf of Nationstar in the bankruptcy case on August 31, 2017. *See* **Exhibit "G"** attached hereto.

30. Nationstar's attorney filed Proof of Claim No. 1 in Mr. Roff's bankruptcy case (hereinafter referred to as the "POC"), which sought to collect the Debt in the amount of $180,014.69. *See* **Exhibit "H"** attached hereto.

31. The POC also indicated that the "[a]mount necessary to cure any default as of the date of the [bankruptcy] petition" was $16,322.40. *See* Exhibit "H".

32. The terms of Mr. Roff's Amended Chapter 13 bankruptcy plan (hereinafter referred to as the "Amended Plan") indicated that he would pay the arrears and ongoing monthly mortgage payments on the Debt to Nationstar to the Chapter 13 Trustee. *See* **Exhibit "I"** attached hereto.

33. The Bankruptcy Court entered an order confirming the Amended Plan on March 5, 2018. *See* **Exhibit "J"** attached hereto.

34. On January 30, 2020, the Bankruptcy Court entered a Discharge of Debtor After Completion of Chapter 13 Plan (hereinafter referred to as the "Order of Discharge"). *See* **Exhibit "K"** attached hereto.


35. Nationstar was served with the Order of Discharge. *See* **Exhibit "L"** attached hereto.

36. The Order of Discharge specifically states, in pertinent part:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. […] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.
>
> However, a creditor may have the right to enforce a *valid* lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case.

*See* Exhibit "L" (*emphasis added*).

37. During his bankruptcy case, Mr. Roff made all payments required to cure the arrearage on the Debt and maintain the ongoing payments.

38. On February 24, 2020, the Chapter 13 Trustee filed a Notice of Final Cure Payment (hereinafter referred to as the "Notice"). *See* **Exhibit "M"** attached hereto.

39. The Notice stated, in pertinent part:

> Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s)' Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating 1) whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and 2) whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

(EMPHASIS IN ORIGINAL). *See* Exhibit "M".

40. Nationstar filed no response to the Notice.

41. Instead, immediately following issuance of the Order of Discharge, Nationstar began sending Plaintiff monthly statements demanding a reinstatement amount of over $7,500.00, claiming "overdue payments" in the amount of over $5,800.00 that were not owed, and over $1,600 in "lender paid expenses" that had never been brought before (and thus had not been approved by) the Bankruptcy Court. *See* **Composite Exhibit "N"** attached hereto.

42. Each of the statements sent by Nationstar includes the following features:

    a. A "Payment Due Date" at the top right corner of the statement;

    b. A "Reinstatement Amount Due" in the top right corner of the statement;

    c. A section titled "Explanation of Amount Due" that includes the "Reinstatement Amount Due";

    d. A detachable payment coupon that instructs the recipient to "detach here and return with your payment" and also includes the "Reinstatement Amount Due" as well as blank spaces for the recipient to write in the "total amount of your check";

    e. A statement that "**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained with be used for that purpose**" (**emphasis in original**); and

    f. An extensive section titled "Payment Options" which lists eight different ways to pay Nationstar, along with instructions on how to use each payment method.

    *See* Composite Exhibit "N".

43. The purpose of the statements was to attempt to collect debt from Mr. Roff.

44. Also upon receiving the Order of Discharge, Nationstar resumed the foreclosure action by filing several documents intended to move the case forward, prompting the foreclosure court to reset the case for trial – despite the fact that Mr. Roff had cured the default sued upon through his bankruptcy.

45. Under protest, Mr. Roff paid the amount demanded as "reinstatement" by Nationstar in order to ensure that his home was not foreclosed upon.

46. The above-detailed conduct by Nationstar, taken in an attempt to collect the Debt, violated the FDCPA and the FCCPA.

47. Mr. Roff has been severely agitated, annoyed, traumatized, humiliated, embarrassed, emotionally damaged and has otherwise been unduly inconvenienced by the actions of Nationstar.

48. Mr. Roff has suffered further actual damage by the actions of Nationstar in that he was forced to pay the demanded "reinstatement" amount, which was not legitimately owed, in order to ensure he did not suffer adverse consequences, such as foreclosure of his home.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(2)(A)**

49. Mr. Roff incorporates by reference 1 – 48 of the paragraphs of this Verified Complaint as though fully stated herein.

50. The foregoing acts and omissions of Nationstar constitute a violation of the Fair Debt Collection Practices Act.

51. Nationstar violated 15 U.S.C. § 1692e(2)(A), which prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt[.]"

52. Specifically, each of the statements sent to Mr. Roff violated § 1692e(2)(A), because Nationstar falsely represented that certain "overdue payments" and "lender paid expenses" were due and owing, which money *could not have been legally due* under the circumstances.

53. As a direct and proximate result of Nationstar's actions in violation of said statute, Mr. Roff has suffered statutory and actual damages, including but not limited to, monetary overpayment, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

54. Mr. Roff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, Mr. Roff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

55. Mr. Roff has suffered further actual damage by the actions of Nationstar in that he was forced to pay the demanded "reinstatement" amount, which was not legitimately owed, in order to ensure he did not suffer adverse consequences, such as foreclosure of his home.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(10)**

56. Mr. Roff incorporates by reference 1 – 48 of the paragraphs of this Verified Complaint as though fully stated herein.

57. The foregoing acts and omissions of Nationstar constitute a violation of the Fair Debt Collection Practices Act.

58. Nationstar violated 15 U.S.C. § 1692e(10), which prohibits a debt collector from the "use of any false representation or deceptive means to collect or attempt to collect any debt[.]"

59. Specifically, each of the statements sent to Mr. Roff violated § 1692e(10), because Nationstar falsely and deceptively alleged that certain "overdue payments" and "lender paid expenses" were due and owing, which money *could not have been legally due* under the circumstances.

60. As a direct and proximate result of Nationstar's actions in violation of said statute, Mr. Roff has suffered statutory and actual damages, including but not limited to, monetary overpayment, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

61. Mr. Roff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10).  Accordingly, Mr. Roff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

62. Mr. Roff has suffered further actual damage by the actions of Nationstar in that he was forced to pay the demanded "reinstatement" amount, which was not legitimately owed, in order to ensure he did not suffer adverse consequences, such as foreclosure of his home.

### COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

63. Mr. Roff incorporates by reference 1 – 48 of the paragraphs of this Verified Complaint as though fully stated herein.

64. The foregoing acts and omissions of Nationstar constitute a violation of the Fair Debt Collection Practices Act.

65. Nationstar violated 15 U.S.C. § 1692f, which prohibits a debt collector from the use of any "unfair or unconscionable means to collect or attempt to collect any debt[.]"

66. Specifically, each of the statements sent to Mr. Roff violated § 1692f, because Nationstar unfairly and unconscionably represented that certain "overdue payments" and "lender paid expenses" were due and owing, which money *could not have been legally due* under the circumstances.

67. As a direct and proximate result of Nationstar's actions in violation of said statute, Mr. Roff has suffered statutory and actual damages, including but not limited to, monetary overpayment, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

68. Mr. Roff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f.  Accordingly, Mr. Roff seeks actual damages, statutory damages, reasonable attorney's fees and costs, and injunctive relief pursuant to 15 U.S.C. § 1692k.

69. Mr. Roff has suffered further actual damage by the actions of Nationstar in that he was forced to pay the demanded "reinstatement" amount, which was not legitimately owed, in order to ensure he did not suffer adverse consequences, such as foreclosure of his home.

## COUNT IV
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(9)

70. Mr. Roff incorporates by reference 1 – 8 of the paragraphs of this Verified Complaint as though fully stated herein.

71. The foregoing acts and omissions of Nationstar constitute a violation of the Florida Consumer Collection Practices Act.

72. Nationstar violated Fla. Stat. § 559.72(9), which states that, in collecting consumer debt, no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

73. Specifically, each of the statements sent to Mr. Roff violated § 559.72(9), because Nationstar asserted a right to collect certain "overdue payments" and "lender paid expenses" were due and owing, which money Nationstar knew *could not have been legally due* under the circumstances.

74. As a direct and proximate result of Nationstar's actions in violation of said statute, Mr. Roff has suffered statutory and actual damages, including but not limited to, monetary overpayment, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

75. Mr. Roff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of Fla. Stat. § 559.72(9). Accordingly, Mr. Roff seeks actual damages, statutory damages, reasonable attorney's fees and costs, and injunctive relief pursuant to Fla. Stat. § 559.77(2).

76. Mr. Roff has suffered further actual damage by the actions of Nationstar in that he was forced to pay the demanded "reinstatement" amount, which was not legitimately owed, in order to ensure he did not suffer adverse consequences, such as foreclosure of his home.

77. Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Mr. Roff such as enjoining further illegal collection activity. Mr. Roff hereby asserts a demand for punitive damages in this case.

**TRIAL BY JURY**

78. Mr. Roff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**RELIEF REQUESTED**

**WHEREFORE**, the Plaintiff, JAMES ROFF, having set forth his claims for relief against the Defendant, NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, d/b/a MR. COOPER, respectfully prays of the Court as follows:

- That the Plaintiff has and recovers against Defendant a sum to be determined by the Court in the form of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2);

- That the Plaintiff has and recovers against Defendant a sum to be determined by the Court in the form of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2);

- That the Plaintiff has and recovers against Defendant a sum to be determined by the Court in the form of punitive damages pursuant to Fla. Stat. § 559.77(2);

- That the Plaintiff has and recovers against all Defendant a sum to be determined by the Court in the form of attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

- That the Plaintiff has and recovers against all Defendant a sum to be determined by the Court in the form of costs pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

- That the Defendant be enjoined from engaging in further improper conduct; and

- That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: May 12, 2020

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
***Attorneys for Plaintiff***

By:  Joseph C. LoTempio
　　　Joseph C. LoTempio, Esq.
　　　Fla. Bar No. 0086097
　　　jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF  FLORIDA        )
                         ) ss
COUNTY OF  LEE           )

Plaintiff, JAMES ROFF, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
JAMES ROFF

Subscribed and sworn to before me this  11th  day of  MAY , 20 20  by JAMES ROFF who:

[✓] is personally known; or

[ ] produced identification _____.

_____
Notary Public

MAURICE P O'CONNOR
Notary Public - State of Florida
Commission # GG 946344
My Comm. Expires Apr 18, 2024
Bonded through National Notary Assn.

(SEAL)